UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKEY LOUIS ALFORD, | ) |
| Petitioner, | ) Case No. CV 11-4248-MMM(AJW) |
| v. | ) |
| | ) MEMORANDUM AND ORDER |
| LOS ANGELES COUNTY SUPERIOR COURT, | ) DISMISSING PETITION |
| Respondent. | ) |

Petitioner filed this petition for a writ of habeas corpus on May 17, 2011.[1] For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot readily discern the factual or legal basis for petitioner's claims. For example, petitioner alleges

---

[1] Petitioner has filed more than twenty-five cases in this Court. Many of those cases have been dismissed for reasons similar to those that render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW), CV 09-4458-MMM(AJW), CV 09-6030-MMM(AJW), CV 09-6047-MMM(AJW),CV 09-7349-MMM(AJW. In one case, however, the Court appointed counsel to represent petitioner, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

the following as grounds for relief: (1) "Letter to Crist Kelly el George Renner only added up to assaults;" (2) "While representing myself was assaulted July 14, 2010;" (3) "Because Alford has written the State Bar of California is assaulted;" and (4) "Alford is attacked for going to Commission on Judicial Performance." [Petition at 5-6].

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court shall summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, incredible, and frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert. denied, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner's allegations are comprehensible, they are not related to the constitutional validity of petitioner's conviction or sentence. Therefore, these allegations cannot serve as a basis for federal habeas relief. See Preiser v. Rodriquez, 411 U.S. 475, 498-499 (1973) (explaining that habeas corpus proceedings are the proper and exclusive mechanism for a prisoner to challenge the fact or duration of his confinement); Ramirez v. Galaza,

2

334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that where petitioner's claims, even if successful, would not shorten the duration of his custody, jurisdiction under 28 U.S.C. §2254 is absent), cert. denied, 541 U.S. 1063 (2004).

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's ability to file a petition properly alleging intelligible grounds for federal habeas corpus relief.

Dated: May 31, 2011

_____
Margaret M. Morrow
United States District Judge